IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONTOREY DANYELL HARPER,
     Plaintiff,

vs.                           Case No.: 3:17cv391/MCR/EMT

US, WASHINGTON DC, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil complaint (ECF No. 1), filed against the United States and the United Nations, as designated in the cities of Washington, D.C. and New York City, respectively. Plaintiff has also moved for leave to proceed in forma pauperis (ECF No. 2).

Upon review of the complaint, it is apparent that venue is not proper in the Northern District.

Venue for federal actions is governed by 28 U.S.C. § 1391(b), which provides:

A civil action may be brought in --
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise

be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* More specifically, 28 U.S.C. § 1391(e), which concerns actions brought against

the United States or a federal agency, provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

*Id.* Finally, 28 U.S.C. § 1391(f) governs civil actions brought against a foreign state

and provides:

A civil action against a foreign state as defined in section 1603(a) of this title may be brought --
(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

(4) in the United States District Court for the District of Columbia if the
action is brought against a foreign state or political subdivision thereof.

*Id.*

Plaintiff's complaint  is a confusing narrative of arguments that appear to
concern the "BAH rate," which the court presumes to refer to the Basic Allowance for
Housing, which provides compensation for housing costs for military personnel.  *See*
37 U.S.C.A. § 403.  Plaintiff seems to challenge the "BAH rate" on grounds that it is
not as favorable for gay individuals and/or their spouses.  Plaintiff provides no legal
basis for his claim, and it is not at all clear what sort of relief Plaintiff seeks.

What is clear is that absolutely no connection between this case and the
Northern District of Florida is apparent from the four corners of the complaint.
Plaintiff, who identifies as a resident of San Diego, California, names as Defendants
the United States and the United Nations.  No part of the events or omissions giving
rise to the claim appear to have occurred here, nor is it stated that any property that is
the subject of the litigation is located here.  In fact, no locus to the action is evident
at all.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a
case laying venue in the wrong division or district shall dismiss, or if it be in the
interest of justice, transfer such case to any district or division in which it could have

been brought."  When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Federal Republic of Germany, No. 08-20198-CIV-ALTONAGA, 2009 WL 10664174, at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Society of Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)).  Nonetheless, as the statute provides, the court in its sound discretion may dismiss the case rather than transfer it.  Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 266 (1981); First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 578 (7th Cir. 1989).

Here, there is no clear choice as to what district the court should transfer this case to.  San Diego, California, might be where a substantial part of the events giving rise to the claim occurred, or it might be where any property in question could be located, which would warrant a transfer to the Southern District of California, but the court cannot be sure that this is the case.  So, too, might the District Court for the District of Columbia, or the Southern District of New York, be appropriate under the venue statutes as the places where—according to Plaintiff—Defendants reside.[1]

---

[1] More fundamentally, the complaint speaks of no particular injury to Plaintiff, nor does it particularly identify any claim under federal law.  These are potentially fatal flaws.  Moreover,

Given these circumstances, dismissal of this case without prejudice is the more efficacious option because it would allow Plaintiff to determine where to file the case if he so chooses.

Finally, the court notes, with chagrin, that Plaintiff is a prolific litigant who has filed at least 61 complaints across the country since 2015, the vast majority of which appear to have been dismissed as frivolous. *See* PACER website, https://pcl.uscourts.gov/view?rid=IsXYqGuYoe0SyMh7pY9qYMy5aLBdf17lpTp 2jlBC&page=1 (visited June 6, 2017). As the District Court in the Western District of North Carolina stated:

> Between 11 July 2016 and 25 August 2016, plaintiff filed 27 cases in this court. The undersigned has already recommended dismissal in six of them: <u>Harper v. US Justice Department</u>, 5:16-cv-668-BO; <u>Harper v. US Justice Department</u>, 5:16-cv-669-BO; <u>Harper v. US Department of Justice</u>, 5:16-cv-672-BO; <u>Harper v. US Justice Department</u>, 5:15-cv-673-BO; <u>Harper v. Obama</u>, 5:16-cv-675-BO; and <u>Harper v. Fayetteville Police Department</u>, 5:16-cv-676- BO. Each of the cases recommended for dismissal was found to be frivolous for the same reasons that are set forth above. Due to plaintiff's continued filing of meritless litigation,

---

because the complaint is not grounded in facts or real events and does not express an actual legal interest, it may be subject to dismissal as a complaint "whose factual contentions are clearly baseless." <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989); *see also* <u>Denton v. Hernandez</u>, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"). While the court does not presently base dismissal on the complaint's deficiencies, those deficiencies are part of what would cloud the court's determination of where to properly transfer the case.

entry of a pre-filing injunction that would appropriately limit plaintiff's access to this court is warranted.

Harper v. USA, Case No. 5:16-cv-668-BO (Report and Recommendation, Aug. 29, 2016, ECF No. 4 at 10–11).

The prolific nature of Plaintiff's complaint filing further supports the court's supposition that Plaintiff regularly files cases without much aforethought, without regard to their legal bases or factual support, and, frankly, without much self-restraint. This supposition is borne out in the shortcomings of the instant complaint, as described above. Because Plaintiff has not been a prolific litigant in this court,[2] dismissal is not based on this particular aspect of the case. However, this issue does underscore the finding that at present no proper venue for this case is evident—as Plaintiff himself did not appear to consider the matter of venue when he filed this case. It is hoped that this Report will cause Plaintiff to pause and reflect upon the ineffectiveness of his many filings, especially those like this one that show little in the way of legal preparation and consideration. The court has not investigated into whether the type of injunction against filing lawsuits, as mentioned in Harper v. USA, supra, has in fact been issued against Plaintiff by any of the other district courts where

---

[2] That said, the court notes that Plaintiff has filed this case and on the same day filed Case No. 3:17-cv-00390-MCR-CJK in this court.

Case No.: 3:17cv391/MCR/EMT

he has commenced lawsuits, but his conduct to date suggests that, if this has not yet occurred, it may soon be the case.

Accordingly, it respectfully **RECOMMENDED**:

1.      That the complaint be **DISMISSED** without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a).

2.      That all pending motions be denied as moot.

At Pensacola, Florida, this 8<u>th</u> day of June 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**